# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>815 Eddy Street<br>San Francisco, CA 94109<br><br>       Plaintiff,<br><br>       v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>245 Murray Lane, S.W.<br>Washington, DC 20528,<br><br>       Defendant. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the expedited processing and release of records that Plaintiff requested from Defendant Department of Homeland Security, and its components Immigration and Customs Enforcement and Customs and Border Protection, concerning the agencies' use of Global Positioning System ("GPS") tracking devices on vehicles entering the United States.

## PARTIES

2.      Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, D.C. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3.      Defendant Department of Homeland Security ("DHS") is an agency of the

Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") are components of Defendant DHS.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## BACKGROUND

6. On September 28, 2018, the Department of Justice ("DOJ") submitted a filing in *United States v. Ignjatov*, a criminal case involving the government's attachment of a GPS tracking device to defendants' vehicle at a port of entry without a warrant. No. 5:17-cr-00222-JGB, Dkt. No. 125 (C.D. Cal. filed Sept. 28, 2018). In the filing, DOJ stated that ICE Homeland Security Investigations ("HSI") and CBP both had policies that permitted border agents "to install GPS trackers on any vehicle at the border without a warrant so long as the GPS monitoring did not exceed 48 hours." *Id.* at *5-6 (internal citations omitted).

7. DOJ also submitted a declaration from Matthew C. Allen, Assistant Director for the Domestic Operations Division for ICE HSI. Allen Declaration, Dkt. No. 125-1. In his declaration, Assistant Director Allen stated that it was "HSI's policy" to allow a customs officer to install a GPS tracking device on a vehicle at the border without a warrant or individualized suspicion. *Id.* at ¶ 4. Allen further stated that HSI believed its policy was consistent with the Supreme Court's decisions in *United States v. Jones*, 565 U.S. 400 (2012), and *United States v. Flores-Montano*, 541 U.S. 149 (2004). *Id.*

8. The *Ignatov* case involved two defendants who entered the United States from

Canada in a truck on October 20, 2017, and were under investigation for drug trafficking. Dkt. No. 121, at 2 (C.D. Cal. filed Aug. 24, 2018). While at the port of entry in Port Huron, Michigan, an HSI agent and/or a CBP agent, at the request of the FBI and Los Angeles Police Department ("LAPD"), placed two GPS tracking devices on the defendants' truck and trailer. *Id.* Investigators then tracked the GPS devices for nearly 48 hours as defendants drove from Michigan to California. *Id.* at 2-3.

9. After their arrest, defendants filed a motion to suppress, asserting that the government's warrantless use of GPS tracking devices violated their Fourth Amendment rights. Dkt. No. 86 (C.D. Cal. filed May 11, 2018).

10. On August 24, 2018, the court issued an order granting defendants' motion to suppress. Dkt. No. 121. The court cited *Jones*, and held that the government's warrantless search was unreasonable. *Id.* at 9. The court further found that the actions of the FBI and LAPD agents who requested the warrantless GPS tracking "create[d] a scenario of significant government misconduct." *Id.* at 12.

11. Several media outlets reported on the filing.[1]

## EFF'S FOIA REQUESTS

### A. ICE FOIA Request 2019-ICFO-21210

12. In an email dated November 5, 2018, Plaintiff submitted a request under the FOIA, 5 U.S.C. § 552, to ICE for records pertaining to the agency's policies and procedures regarding the use of GPS tracking devices at the U.S. border ("November 5 ICE FOIA").

13. The request sought two categories of records: (1) Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border; and (2) Training

---

[1] *See, e.g.*, Cyrus Farivar, *Feds to judge: We still think we can put GPS trackers on cars entering US*, Ars Technica (Oct. 6, 2018), https://arstechnica.com/tech-policy/2018/10/feds-to-judge-we-still-think-we-can-put-gps-trackers-on-cars-entering-us/; Tim Cushing, *DHS Investigators Argue the Border Warrant Exception Covers Searches Performed Miles from the Border*, TechDirt (Oct. 11, 2018), https://www.techdirt.com/articles/20181009/10483840803/dhs-investigators-argue-border-warrant-exception-covers-searches-performed-miles-border.shtml.

manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border.

14. Plaintiff's FOIA request sought expedited processing and also formally requested that it not be charged search or review fees for its request because EFF qualifies as a representative of the news media pursuant to the FOIA and 28 C.F.R. § 16.10(b)(6). Plaintiff further requested that it be granted a waiver of all fees related to its request because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k)(l).

15. On November 15, 2018, ICE acknowledged receipt of the request in two separate letters. One of the letters stated that ICE determined that Plaintiff is a media requester and, as a result, would not be charged duplication fees for the first 100 pages of responsive documents. The letter did not make any determination regarding Plaintiff's request for a waiver of all fees or expedited processing of the request. The other letter stated that because some of the requested information was stored by CBP, ICE would also forward the request to CBP.

16. By letter dated March 11, 2019, ICE sent a final response stating that a search of ICE HSI produced three pages, but that all three pages would be withheld under Exemption 7(E). The letter went on to state that "disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law" and that "techniques and procedures at issue are not well known to the public." The letter did not provide any description of the withheld information sufficient to allow Plaintiff to determine whether ICE has properly withheld information under the specific FOIA exemption.

17. On April 18, 2019, Plaintiff timely filed an administrative appeal challenging ICE's withholding of records under Exemption 7(E) and the adequacy of ICE's search for records. The appeal argued that ICE had failed to provide details as to why the responsive records risk circumvention of the law, and further stated that the techniques and procedures of the use of a GPS tracking device are widely known to the public and have been the focus of the *Jones* Supreme Court decision.

18. To date, ICE has not responded to Plaintiff's administrative appeal.

19. Plaintiff has exhausted all applicable administrative remedies with respect to its November 5 ICE FOIA.

20. ICE has wrongfully withheld the requested records from Plaintiff.

### B. CBP FOIA Request CBP-OFO-2019-008804

21. On November 5, 2018, Plaintiff submitted a request under the FOIA, 5 U.S.C. § 552, to CBP through its online FOIA portal for records pertaining to the agency's policies and procedures regarding the use of GPS tracking devices at the U.S. border ("November 5 CBP FOIA").

22. The request sought two categories of records: (1) Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border; and (2) Training manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border.

23. Plaintiff's FOIA request sought expedited processing and also formally requested that it not be charged search or review fees for its request because EFF qualifies as a representative of the news media pursuant to the FOIA and 28 C.F.R. § 16.10(b)(6). Plaintiff further requested that it be granted a waiver of all fees related to its request because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k)(l).

24. By letter on November 7, 2018, CBP acknowledged receipt of the request. The letter also recognized Plaintiff as a media requester and, as a result, stated CBP would not charge duplication fees for the first 100 pages of responsive documents. Also on November 7, 2018, CBP fully granted Plaintiff's fee waiver request through a determination posted to the online FOIA portal.

25. On November 8, 2018, CBP denied Plaintiff's expedited processing request through a determination posted to the online FOIA portal.

26. To date, CBP has not responded to Plaintiff's initial request since its November 8, 2018 denial of expedited processing.

27. Plaintiff has exhausted all applicable administrative remedies with respect to its November 5 CBP FOIA.

28. CBP has wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

### Count 1

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records - November 5 ICE FOIA**

29. Plaintiff repeats and realleges paragraphs 1-28.

30. Defendant DHS and its component ICE have wrongfully withheld agency records requested by Plaintiff by failing to disclose records responsive to Plaintiff's FOIA request.

31. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

32. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**Violation of the Freedom of Information Act for Wrongful Denial of Requests for a Waiver of All Processing Fees - November 5 ICE FOIA**

33. Plaintiff repeats and realleges paragraphs 1-32.

34. Defendant DHS and its component ICE have wrongfully denied Plaintiff's request for a waiver of all processing fees by failing to comply with the statutory time limit for responding to Plaintiff's requests.

35. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant's wrongful denial of Plaintiff's requests for a waiver of all processing fees.

36. Plaintiff is entitled to injunctive relief with respect to its requests for a waiver of all processing fees.

### Count 2

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records - November 5 CBP FOIA

37. Plaintiff repeats and realleges paragraphs 1-36.

38. Defendant DHS and its component CBP have wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for responding to Plaintiff's FOIA request.

39. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

40. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### REQUESTED RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1. Order Defendant DHS, and its components ICE and CBP, to process immediately the requested records in their entirety;

2. Order Defendant DHS, and its components ICE and CBP, upon completion of such processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3. Order Defendant DHS, and its component ICE, to grant Plaintiff's requests for a waiver of all processing fees;

4. Provide for expeditious proceedings in this action;

5. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

6. Grant such relief as the Court may deem just and proper.

DATED: August 27, 2019    Respectfully submitted,

*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(202) 246-6180

SAIRA HUSSAIN
JENNIFER LYNCH
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION