UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendant*. | Civil Action No. 19-2578 (TFH) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Civil Rule 7(h), Defendant, United States Department of Homeland Security ("DHS"), respectfully submits this Statement of Material Facts Not in Dispute in support of its Motion for Summary Judgment. The information herein is based upon the declarations and accompanying exhibits of Fernando Pineiro ("Pineiro Decl.") and of Patrick A. Howard ("Howard Decl.") filed herewith.

ICE FOIA Request

1.   By letter dated November 5, 2018, Plaintiff submitted a Freedom of Information Act ("FOIA") request to U.S. Immigration and Customs Enforcement ("ICE") – a component of DHS.  Pineiro Decl. at ¶ 6, Ex. 2.  Plaintiff's request sought the following: (1) "Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border;" (2) "Training manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border." *Id.*

2. By letter dated November 15, 2018, ICE acknowledged receipt of Plaintiff's request and assigned it FOIA Request number 2019-ICFO-21210. Pineiro Decl. at ¶ 7, Ex. 3. ICE advised Plaintiff that its FOIA request was also being referred to U.S. Customs and Border Protection ("CBP") for processing and direct response. *Id.*

3. On November 15, 2018, the ICE FOIA Office tasked Homeland Security Investigations ("HSI") to conduct a search for records responsive to Plaintiff's request. Pineiro Decl. at ¶ 26.

4. HSI determined that the Operational Technology and Cyber Division ("OTCD") would be most likely to have responsive records. Pineiro Decl. at ¶ 27. A special agent with OTCD conducted a search of his shared drives and network drives and located three responsive documents. *Id.*

5. On March 11, 2019, ICE issued a final determination letter to Plaintiff indicating that three responsive documents[1] were located and were withheld in full pursuant to FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E). Pineiro Decl. at ¶ 8, Ex. 4.

6. Plaintiff filed an administrative appeal with ICE's Office of the Principal Legal Advisor ("OPLA"); the appeal was assigned the following tracking number 2019-ICAP-00338. Pineiro Decl. at ¶ 9, Ex. 5.

7. By letter dated May 24, 2019, OPLA affirmed the adequacy of the search and the withholding in full pursuant to FOIA Exemption 7(E). Pineiro Decl. at ¶ 10, Ex. 6.

8. On August 27, 2019, Plaintiff filed the instant lawsuit. *See* ECF No. 1.

---

[1] The letter incorrectly stated that three pages were located and withheld; the letter should have stated that three documents, totaling fifteen pages, were located and withheld. Pineiro Decl. ¶ 8 n.2.

2

9. Subsequent to the filing of the instant lawsuit, ICE conducted a supplemental search for responsive records. *See* ECF No. 8.

10. Specifically the ICE FOIA Office tasked OPLA to conduct a comprehensive search for records responsive to Plaintiff's request. Pineiro Decl. at ¶ 31. OPLA determined that four OPLA associate legal advisors from the OPLA Criminal Law Section should be tasked to conduct the search. *Id.* at ¶ 32. The four OPLA associate legal advisors searched their shared drives, network drives, email accounts using the search terms "Ignjatov;" "GPS;" "border;" "Jones;" "tracker;" and "tracking" and located approximately 9,000 pages of potentially responsive records. *Id.*

11. On December 30, 2019, ICE made a first production of documents to Plaintiff. Pineiro Decl. at ¶ 12, Ex. 7. ICE reviewed 521 pages of potentially responsive information and determined that 483 pages were responsive. *Id.* These 483 pages were released to Plaintiff withholding some information pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E). Pineiro Decl. at ¶ 12, Ex. 7. These pages were bates stamped 2019-ICLI-00060 1 – 2019-ICLI-00060 483. *Id.*

12. On March 5, 2020, ICE made a second production of documents to Plaintiff. Pineiro Decl. ¶ 13, Ex. 8. ICE reviewed 1091 pages of potentially responsive information and determined that 94 pages were responsive. *Id.* These 94 pages were released to Plaintiff withholding some information pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E). Pineiro Decl. at ¶ 13, Ex. 8. These pages were bates stamped 2019-ICLI-00060 484 – 2019-ICLI-00060 577. *Id.*

13. On July 6, 2020, ICE made its final production of documents to Plaintiff. Pineiro Decl. ¶ 16, Ex. 10. ICE reviewed 576 pages of potentially responsive information and determined that 361 pages were responsive. *Id.* These 361 pages were released to Plaintiff withholding some

information pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E). Pineiro Decl. at ¶ 16, Ex. 10. These pages were bates stamped 2019-ICLI-00060 578 – 2019-ICLI-00060 938. *Id.*

14. On September 30, 2020, ICE made a supplemental production to Plaintiff which consisted of 117 re-processed pages on which various withholdings were lifted and additional information was disclosed. Pineiro Decl. at ¶ 17, Ex. 11. The bates stamped page numbers for the first 102 pages that were reprocessed were: 2019-ICLI-00060 54, 56-109, 120, 170-171, 367-369, 416-420, 422-435, 540, 556-563, 569, 832, and 885-895. *Id.* In addition, the supplemental production contained a reprocessing of the fifteen pages that were previously withheld in full at the administrative level. *Id.* These fifteen pages were bates stamped 2019-ICLI-00060 939 – 2019-ICLI-00060 953. *Id.*

15. On October 26, 2020, ICE processed a referral from CBP of four pages of potentially responsive records. Pineiro Decl. at ¶ 18, Ex. 18. Having reviewed the four pages, ICE determined that only two were responsive. *Id.* ICE also determined that the two remaining responsive pages were duplicates of each other. *Id.* This page was released to Plaintiff on October 26, 2020, and is marked bates stamped 2019-ICLI-00060 954. *Id.*

CBP FOIA Request

16. By letter dated November 5, 2018, Plaintiff submitted a Freedom of Information Act ("FOIA") request to U.S. Customs and Border Protection ("CBP") – a component of DHS. Howard Decl. at ¶ 15, Ex. A. Plaintiff's request sought the following: (1) "Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border;" (2) "Training manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border." *Id.*

17. Based on the subject of the request, CBP's FOIA division tasked the Office of Field Operations, the United States Border Patrol, and the Air and Marine Operations to conduct searches for responsive records. Howard Decl. at ¶ 17. The Office of Field Operations located 49 records that were potentially responsive to Plaintiff's FOIA request. *Id.* at ¶ 25.

18. In a letters dated April 1, 2020, and November 12, 2020, CBP provided Plaintiff the following final determination: 45 records were deemed non-responsive; 1 record was withheld in full pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E); and 3 records (totaling 4 pages) were referred to ICE for processing. Howard Decl. at ¶¶ 27-28, Exs. B &C.

Dated: November 13, 2020         Respectfully submitted,

                                 MICHAEL R. SHERWIN
                                 Acting United States Attorney

                                 Daniel F. Van Horn
                                 Chief, Civil Division
                                 D.C. Bar #924092

                                 By: /s/ *Kathleene Molen*
                                 KATHLEENE MOLEN
                                 Assistant United States Attorney
                                 555 4th Street, N.W.
                                 Washington, District of Columbia 20530
                                 Telephone: (202) 803-1572
                                 Kathleene.Molen@usdoj.gov

                                 *Counsel for Defendant*