UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER
FOUNDATION,

                    *Plaintiff,*

          v.                                    Civil Action No. 19-2578 (TFH)

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

                    *Defendant.*

# ICE

# Vaughn Index

| Entry Number | Bates Page Number | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied to Redactions |
|---|---|---|---|---|
| 1 | 2019-ICLI-00060 037 | Partial | **Document Title: Email dated Aug 29, 2018, with Subject ''`FW: More tracker news''** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 037 contains attorney communications between two Associate Legal Advisors ("ALAs") within the Criminal Legal Law Section ("CLS") of the Homeland Security Investigations Law Division ("HSILD") of the Office of the Principal Legal Advisor ("OPLA"). The information discusses potential future plans or actions, that may or may not have been taken, related to a Motion to Suppress Order, specifically as to updating or adding a training slide to a training presentation from OPLA to their clients. | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between two Associate Legal Advisors. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here directly relates to a Motion to Suppress Order, specifically as to updating or adding a training slide to a training presentation from OPLA to their clients, and contemplates future litigation.

FOIA Exemption (b)(5):  The information being withheld contains pre-decisional and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving an email which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | |
| 2 | 2019-ICLI-00060 054 | Partial | **Document Title: Email dated Oct 3, 2018, with Subject ''4A Embed Training''** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 054 contains attorney communications between two Associate Legal Advisors within the Criminal Law Section of the Homeland Security Investigations Law Division of the Office of the Principal Legal Advisor ("OPLA"). The information discusses potential future plans or actions, that may or may not have been taken, related to a Fourth Amendment Training. | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between two Associate Legal Advisors. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a Fourth Amendment Training and contemplates future litigation.

FOIA Exemption (b)(5):  The information being withheld contains pre-decisional and deliberative process information. The information includes internal discussion and deliberation between agency employees, pertaining to a draft PowerPoint presentation which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of | |

| | | | public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | |
|---|---|---|---|---|
| 3 | 2019-ICLI-00060 056 - 109 | Partial | **Document Title: OPLA Embedded Attorney Fourth Amendment Training, undated** | (b)(5), (b)(7)(E) |
| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 056-109 contains a draft PowerPoint training titled "OPLA Embedded Attorney Fourth Amendment Training." Page 056 also states "[Presenter], [Date]."The footer on the bottom of pages 058, 060-062, 064, 067-069, 077-084, 086-088, 090-095, 099-103, and 109 says "Attorney Work Product/For Review Only/Not For Distribution." | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between two Associate Legal Advisors. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the HSI Special Agents working in their local Special Agent in Charge ("SAC") Field Offices.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The draft slides contain law enforcement sensitive information including techniques and procedures related to searches, warrants, surveillance, stops, and exigent circumstances. | |
| 4 | 2019-ICLI-00060 117 - 118 | Partial | **Document Title: Email dated Aug 25, 2016, with Subject "CLS Management Clearance/Decision Needed: Posting the TFO Training for the Embeds"** | (b)(5), (b)(7)(E) |

| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 117-118 contains an email from an Associate Legal Advisor with the Criminal Law Section ("CLS"), Office of the Principal legal Advisor ("OPLA"), to her supervisors which contains background and recommendations related to TFO trainings and also includes a draft announcement for the CLS managers to send out to OPLA embed attorneys. | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, specifically between a subordinate and a supervisor, involving a draft announcement which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The draft slides contain law enforcement sensitive information including techniques and procedures related to customs law, courtrooms, investigations, and TFO questions and answers. | |
| 5 | 2019-ICLI-00060 120 - 169 | Partial | **Document Title: U.S. Immigration and Customs Enforcement Title 19 Cross-Designation Training, undated** | (b)(5), (b)(7)(E) |
| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 120-169 contains a training titled "Title 19 Cross-Designation Training." | |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the Task Force Officers ("TFOs") working in their local Special Agent in Charge ("SAC") Field Offices.<br><br>FOIA Exemption (b)(7)(E):  FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The slides contain law enforcement sensitive information including techniques and procedures related to searches, warrants, maritime law, arrests, contraband, electronic surveillance, summons, financial crimes, child exploitation, and immunity. | |
| 6 | 2019-ICLI-00060 170 - 367 | Partial | **Document Title: U.S. Immigration and Customs Enforcement Title 19 Cross-Designation Training, undated**<br><br>**Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 170-367 contains a draft PowerPoint training titled "Title 19 Cross-Designation Training." The footer at the center bottom of pages 171-367 states "OPLA HSILD - Criminal Law Section" and "Law Enforcement Sensitive." Page 367 also states "[contact information]." | (b)(5), (b)(7)(E) |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the Task Force Officers ("TFOs") working in their local Special Agent in Charge ("SAC") Field Offices.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The slides contain law enforcement sensitive information including techniques and procedures related to searches, warrants, maritime law, arrests, contraband, electronic surveillance, summons, financial crimes, child exploitation, and immunity. | |
| 7 | 2019-ICLI-00060 368 - 384 | Partial | **Document Title: U.S. Immigration and Customs Enforcement Title 19 Cross-Designation Training Federal Court Procedure and Discovery, undated**<br><br>**Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 368-384 contains a draft PowerPoint training titled "Title 19 Cross-Designation Training Federal Court Procedure and Discovery." The footer at the center bottom of pages 369-384 states "Law Enforcement Sensitive." Page 369 also states "[Insert name]", "Associate Legal Advisor", and "[Insert office]." | (b)(5), (b)(7)(E) |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the Task Force Officers ("TFOs") working in their local Special Agent in Charge ("SAC") Field Offices.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The slides contain law enforcement sensitive information including techniques and procedures related to prosecutions, grand juries, discovery, Giglio, and Electronically Stored Information ("ESI"). | |
| 8 | 2019-ICLI-00060 385 - 398 | Partial | **Document Title: Task Force Officer Training, Key, dated July 2016**<br><br>**Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 385-398 contains a Task Force Officer Training Key titled "Task Force Officer Training." | (b)(5), (b)(7)(E) |

| | | | | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the Task Force Officers ("TFOs") working in their local Special Agent in Charge ("SAC") Field Offices.<br><br>FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The training contains hypotheticals and questions for Task Force Officers which includes law enforcement sensitive information including techniques and procedures not commonly known to the public. | |
| 9 | 2019-ICLI-00060 399 - 412 | Partial | **Document Title: Task Force Officer Training, Test, dated July 2016**<br><br>**Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 399-412 contains a Task Force Officer Training Test titled "Task Force Officer Training."<br><br>**Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the Task Force Officers ("TFOs") working in their local Special Agent in Charge ("SAC") Field Offices.<br><br>FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this | (b)(5), (b)(7)(E) |

| | | | | |
|---|---|---|---|---|
| | | | information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The training contains hypotheticals and questions for Task Force Officers which includes law enforcement sensitive information including techniques and procedures not commonly known to the public. | |
| 10 | 2019-ICLI-00060 413 - 415 | Partial | **Document Title: HSI Immigration Investigations notes, undated** | (b)(5), (b)(7)(E) |
| | | | **Redaction(s):**  The information redacted under (b)(5), (b)(7)(E) on pages 413-415 contains 3 pages of OPLA attorney notes titled "HSI Immigration Investigations." | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the Task Force Officers ("TFOs") working in their local Special Agent in Charge ("SAC") Field Offices. The document is notes related to TFOs created by the OPLA attorney and shared with her superior and then to field attorneys related to TFO training slide presentations.<br><br>FOIA Exemption (b)(7)(E):  FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The training contains hypotheticals and questions for Task Force Officers which includes law enforcement sensitive information including techniques and procedures not commonly known to the public. The LES information contained within the attorney notes consists of procedures and techniques including worksite enforcement, gangs, human smuggling, fraud, warrants, and immigration. | |
| 11 | 2019-ICLI-00060 417 | Partial | **Document Title: Email dated Jul 8, 2016, with Subject "RE: TFO training update (due 6/13)"** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 417 contains comments and recommendations on a draft training PowerPoint from an OPLA supervisor to their subordinate. | |

| | | | **Reason(s):**  FOIA Exemption (b)(5):  The information being withheld contains pre-decisional, draft, and deliberative information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. The draft content includes recommended edits, comments, changes, and feedback on draft TFO PowerPoint presentations from a superior OPLA attorney to their subordinate OPLA attorney. | |
|---|---|---|---|---|
| 11 | 2019-ICLI-00060 418 | Partial | **Document Title: Email dated Jun 30, 2016, with Subject "FW: TFO training update (due 6/13)"** | (b)(7)(E) |
| | | | **Redaction(s):**  The information redacted under (b)(7)(E) on page 418 contains an internal website url. | |
| | | | **Reason(s):**  FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of an internal website url could assist unauthorized parties in gaining improper access to internal law enforcement websites or databases, and assist in the unauthorized party's navigation of the internal law enforcement websites or databases. Disclosure of these techniques and practices for accessing internal websites or navigating the databases could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement employees access internal websites or databases, as well as the specific internal website urls or databases utilized, are law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 12 | 2019-ICLI-00060 419 - 420 | Partial | **Document Title: Email dated May 31, 2016, with Subject "TFO training update (due 6/13)"** | (b)(5), (b)(7)(E) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 419 contains comments and recommendations on a draft training PowerPoint from an OPLA supervisor to their subordinates. The information redacted under (b)(7)(E) on page 420 contains an internal website url. | |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of an internal website url could assist unauthorized parties in gaining improper access to internal law enforcement websites or databases, and assist in the unauthorized party's navigation of the internal law enforcement websites or databases. Disclosure of these techniques and practices for accessing internal websites or navigating the databases could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement employees access internal websites or databases, as well as the specific internal website urls or databases utilized, are law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 13 | 2019-ICLI-00060 421 | Partial | **Document Title: Email dated Sep 21, 2018, with Subject "CLS P3_September 2018 (NEW - EDIT THIS VERSION)"**<br><br>**Redaction(s):** The information redacted under (b)(5) on page 421 contains comments and recommendations on a draft OPLA case summary document from an OPLA supervisor to their subordinate.<br><br>**Reason(s):** FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. The draft, deliberative content includes instruction and comments from a superior OPLA attorney to their subordinate OPLA attorney. | (b)(5) |
| 14 | 2019-ICLI-00060 422-434 | Partial | **Document Title: Draft OPLA document titled "Homeland Security Investigations Law Division Priorities, Projects, and Pending Litigation" dated September 27, 2018.**<br><br>**Redaction(s):** The information redacted under (b)(5) on pages 422-434 contains edits, comments, and recommendations on a draft OPLA case summary document from an OPLA supervisor to their subordinate. The document contains extensive edits and track changes on five federal district court cases being handled by OPLA attorneys. Each page contains a header and a footer which states "Attorney | (b)(5) |

| | | | Work Product/Attorney-Client Privileged/Unclassified Sensitive Security Information/For Official Use Only/Deliberative - Strictly Prohibited - Inclusion of Classified/Classified-Related Information." | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney during litigation. The withheld information here relates to a draft OPLA case summary document and relates to on-going and active litigation.<br><br>FOIA Exemption (b)(5):  The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. When this document is shared with superiors, those superiors would provide comments, advice, or instruction on how the OPLA attorneys should or should not proceed related to each of the active litigations. | |
| 15 | 2019-ICLI-00060 435 | Partial | **Document Title: Email dated Jun 18, 2018, with Attachment titled "DRONES Article.pdf"** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 435 contains a question from one OPLA attorney to another OPLA attorney in the Subject line, and the other's attorney's initials thoughts/comments/response to the question in the body of the email. | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between two OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to an operational legal issue which contemplates future litigation. | |
| 16 | 2019-ICLI-00060 482 | Partial | **Document Title: Email dated Oct 15, 2018, with Subject "almost there..."** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 482 contains comments and recommendations on a draft OPLA Fourth Amendment training document from an OPLA attorney to another OPLA attorney. | |
| | | | **Reason(s):**  FOIA Exemption (b)(5):  The information being withheld contains pre-decisional, draft, and deliberative information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. The draft, pre-decisional content includes recommended edits, comments, changes, and feedback on a draft Fourth Amendment PowerPoint presentation from one OPLA attorney to another OPLA attorney. | |

| 17 | 2019-ICLI-00060 484-569 | Partial | **Document Title: OPLA PowerPoint Fourth Amendment training document titled "Homeland Security Investigations Designated Technical Agent School (DTAS)" dated September 12, 2018. Topics within the training include Search and Seizure, Border Search, and Electronic Surveillance.** | (b)(5), (b)(7)(E) |
|---|---|---|---|---|
| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 484-569 contains attorney client privileged information and attorney work product on a training from an OPLA attorney to other OPLA attorneys and clients. The bottom of each page states "Law Enforcement Sensitive." | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to an OPLA training and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The slides contain law enforcement sensitive information including techniques and procedures related to curtilage, searches, sensitive locations, disclosures, and drones. | |
| 18 | 2019-ICLI-00060 578-579 | Partial | **Document Title: undated guidance document that is an OPLA summary of the *United States v. Ignjatov* case and states "Attorney-Client Privileged" and "Attorney Work Product" at the top** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 578 and 579 contains attorney client privileged information and attorney work product on guidance from an OPLA attorney to other OPLA attorneys and clients. | |

| | | | | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. | |
| 19 | 2019-ICLI-00060 580-582 | Partial | **Document Title: Email dated Oct 24, 2018, with Subject "RE: (0927-18) BCAST - Guidance on use of GPS Tracking Devices at the Border"**<br><br>**Redaction(s):** The information redacted under (b)(5) on pages 580-581 contains comments and recommendations on a draft GPS Tracking Devices guidance document from an OPLA attorney to another OPLA attorney. The information redacted under (b)(7)(E) on page 582 contains an internal agency url.<br><br>**Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between two OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a draft GPS Tracking Devices Guidance document and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>Reason(s): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of an internal website url could assist unauthorized parties in gaining improper access to internal law enforcement websites or databases, and assist in the unauthorized party's navigation of the internal law enforcement websites or databases. Disclosure of these techniques and practices for accessing internal websites or navigating the databases could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement employees access internal websites or databases, as well as the specific internal website urls or databases utilized, are law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | (b)(5), (b)(7)(E) |
| 20 | | Partial | **Document Title: Email dated Sept 6, 2018, with Subject "DRAFT: OPLA Ignjatov Guidance"** | (b)(5) |

| | 2019-ICLI-00060 584 | | **Redaction(s):** The information redacted under (b)(5) on page 584 contains attorney client privileged information and attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys and clients. | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | |
| 21 | 2019-ICLI-00060 586-587 | Partial | **Document Title: undated guidance document that is an OPLA summary of the *United States v. Ignjatov* case and states "Attorney-Client Privileged" and "Attorney Work Product" at the top** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 586 and 587 contains attorney client privileged information and attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys and clients. Both pages 586 and 587 contain extensive track changes. | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | |
| 22 | 2019-ICLI-00060 603-604 | Partial | **Document Title: undated guidance document that is an OPLA summary of the *United States v. Ignjatov* case and states "Attorney-Client Privileged" and "Attorney Work Product" at the top** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 603 and 604 contains attorney client privileged information and attorney work product on guidance from an OPLA attorney to other OPLA attorneys and clients. | |

| | | | | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. | |
| 23 | 2019-ICLI-00060 605-655 | Partial | **Document Title: undated OPLA PowerPoint training document.** | (b)(5), (b)(7)(E) |
| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 605-655 contains attorney client privileged information and attorney work product on a training from an OPLA attorney to other OPLA attorneys and clients. The bottom of each page states "Attorney Work Product/For Review Only/Not For Distribution". | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to an OPLA training and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The slides contain law enforcement sensitive information including techniques and procedures related to cell-site technology, curtilage, GPS tracking devices, searches. exigent circumstances, warrants, consent, stops, sweeps, exclusions, and *Giglio*. | |

| 24 | 2019-ICLI-00060 657-735 | Partial | **Document Title: OPLA PowerPoint Fourth Amendment training document titled "OPLA HSI Embedded Attorney Fourth Amendment Training" dated October 30, 2018. Topics within the training include Search, Seizure, and Consent.** | (b)(5), (b)(7)(E) |
| --- | --- | --- | --- | --- |
| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 657-735 contains attorney client privileged information and attorney work product on a training from an OPLA attorney to other OPLA attorneys and clients. The bottom of each page states "Attorney Work Product/For Review Only/Not For Distribution". | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between two Associate Legal Advisors. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. The client in this case are other ALAs working in the OPLA Field Offices, who would in turn provide legal advice to the HSI Special Agents working in their local Special Agent in Charge ("SAC") Field Offices. | |
| | | | FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | |
| | | | FOIA Exemption (b)(7)(E): FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The draft slides contain law enforcement sensitive information including techniques and procedures related to searches, warrants, surveillance, stops, and exigent circumstances. | |
| 25 | 2019-ICLI-00060 756-770 | Partial | **Document Title: Draft OPLA document titled "Homeland Security Investigations Law Division Priorities, Projects, and Pending Litigation" dated September 27, 2018.** | (b)(5) |

| | | | | |
|---|---|---|---|---|
| | | | **Redaction(s):**  The information redacted under (b)(5) on pages 756-770 contains attorney work product with summaries and recommendations on an OPLA case summary document from an OPLA attorney to their superior. The document contains twelve federal district court cases being handled by OPLA attorneys along with summaries, updates, and recommended next steps. Each page contains a header and a footer which states "Attorney Work Product/Attorney-Client Privileged/Unclassified Sensitive Security Information/For Official Use Only/Deliberative - Strictly Prohibited - Inclusion of Classified/Classified-Related Information." | |
| | | | | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney during litigation. The withheld information here relates to a draft OPLA case summary document and relates to on-going and active litigation.<br><br>FOIA Exemption (b)(5):  The information being withheld contains pre-decisional and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving an active litigation update document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. When this document is shared with superiors, those superiors would provide comments, advice, or instruction on how the OPLA attorneys should or should not proceed related to each of the active litigations. | |
| 26 | 2019-ICLI-00060 771-777 | Partial | **Document Title: Email chain dated Sept 12, 2018, with Subject "RE: More tracker news"** | (b)(5), (b)(7)(E) |
| | | | | |
| | | | **Redaction(s):**  The information redacted under (b)(5), (b)(7)(E) on pages 771-777 contains attorney client privileged information and attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys and clients. | |
| | | | | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(5):  The information being withheld contains pre-decisional, draft, and deliberative information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public | |

| | | | significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. The email chain contains law enforcement sensitive information including techniques and procedures related to GPS trackers. | |
|---|---|---|---|---|
| 27 | 2019-ICLI-00060 778-780 | Partial | **Document Title: Email chain dated Sept 10, 2018, with Subject "RE: DRAFT: OPLA Ignjatov Guidance"**<br><br>**Redaction(s):**  The information redacted under (b)(5), (b)(7)(E) on pages 778-780 contains attorney client privileged information and attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys that would be sent to HSI clients once completed.<br><br>**Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(5):  The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | (b)(5), (b)(7)(E) |
| 28 | 2019-ICLI-00060 781-782 | Partial | **Document Title: undated guidance document that is an OPLA summary of the *United States v. Ignjatov* case and states "Attorney-Client Privileged" and "Attorney Work Product" at the top**<br><br>**Redaction(s):**  The information redacted under (b)(5) on pages 781 and 782 contains attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys that would eventually be sent to HSI clients once completed. Both pages 781 and 782 contain extensive track changes.<br><br>**Reason(s):** FOIA Exemption (b)(5):  The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | (b)(5) |

| 29 | 2019-ICLI-00060 783-785 | Partial | **Document Title: Email chain dated Sept 7, 2018, with Subject "FW: U.S. v. Ignjatov, No. 17-cr-00222 (C.D. Cal. Aug. 24 2018)"** | (b)(5) |
|---|---|---|---|---|
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 783-785 contains attorney client privileged information and attorney work product on guidance from an OPLA attorney to other OPLA attorneys and from OPLA to their HSI client. | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA and OPLA's HSI client. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys, and between OPLA and their HSI client. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. | |
| 30 | 2019-ICLI-00060 801-802 | Partial | **Document Title: Email dated Sept 5, 2018, with Subject "U.S. v. Ignjatov - Next Steps"** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 801-802 contains attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys, including the subordinate's supervisor. | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving draft guidance which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. Specifically an OPLA subordinate sent draft guidance to his superior for review, suggestions, comments, etc. | |
| 31 | 2019-ICLI-00060 803-808 | Partial | **Document Title: Email dated Sept 5, 2018, with Subject "RE: GPS case notes"** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 803-808 contains attorney client privileged information and attorney work product on draft guidance from an OPLA attorney to other OPLA attorneys. | |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving draft guidance which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. Specifically an OPLA subordinate sent draft guidance to his superior for review, suggestions, comments, etc. | |
|---|---|---|---|---|
| 32 | 2019-ICLI-00060 809-810 | Partial | **Document Title: Email dated June 29, 2018, with Subject "FW: Decision on Motion to Suppress in Senese Case (Miami)"** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on page 810 contains attorney work product on a case involving a motion to suppress from an OPLA attorney to other OPLA attorneys. | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation. | |
| 33 | 2019-ICLI-00060 832 | Partial | **Document Title: Email dated May 4, 2018, with Subject "FW: Motion"** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on page 832 contains attorney work product on a case involving a motion from an OPLA attorney to other OPLA attorneys. | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation. | |
| 34 | 2019-ICLI-00060 853-855 | Partial | **Document Title: Email chain dated Apr 20, 2018, with Subject "RE: Commodities Marking Meeting"** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 853-855 contains attorney client privileged information and attorney work product on a client question involving commodities marking from an OPLA attorney to other OPLA attorneys and to their client. | |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their client. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their client. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. | |
|----|----|----|----|----|
| 35 | 2019-ICLI-00060 856-864 | Partial | **Document Title: Memo dated Feb 2, 2017, with Subject "Use of GPS Trackers in the Maritime Environment"**<br><br>**Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 856-864 contains attorney client privileged information and attorney work product on a client question involving the use of GPS trackers in the maritime environment from an OPLA attorney to other OPLA attorneys and to their client. The memo is from a subordinate attorney to their supervisor. The question presented and answered by the subordinate attorney came from their client.<br><br>**Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their client. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their client. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The memorandum contain law enforcement sensitive information including techniques and procedures related to GPS Trackers in the Maritime Environment. | (b)(5), (b)(7)(E) |
| 36 | 2019-ICLI-00060 865-866 | Partial | **Document Title: Email dated Apr 11, 2018, with Subject "FW: 11c Suarez: no suppression of GPS data for smuggler"** | (b)(5) |

| | | | **Redaction(s):**  The information redacted under (b)(5) on page 866 contains attorney work product on a case involving a motion to suppress from an OPLA attorney to other OPLA attorneys. | |
| --- | --- | --- | --- | --- |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation. | |
| 37 | 2019-ICLI-00060 887-894 | Partial | **Document Title: Email chain dated Jun 8, 2017, with Subject "FW: USAO policy on vehicle trackers installed at the POEs"** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on pages 887-894 contains attorney client privileged information and attorney work product on a new USAO policy on vehicle trackers between an Assistant United States Attorney, OPLA attorneys and clients. | |
| | | | **Reason(s):**  FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between DOJ and OPLA attorneys and clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation. The clients in this case are ICE, as clients of DOJ, and HSI, as clients of OPLA. FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between DOJ and OPLA attorneys and clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. In this case, ICE sought advice from DOJ, and OPLA shared that advice with their HSI clients. FOIA Exemption (b)(5): The information being withheld contains pre-decisional and deliberative process information. The information includes internal discussion and deliberation between agency employees, involving draft guidance which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations. | |
| 38 | 2019-ICLI-00060 895-897 | Partial | **Document Title: Email chain dated Nov 8, 2016, with Subject "FW: Alert Notification -- OCC SND -- GPS Trackers at the Border"** | (b)(5) |
| | | | **Redaction(s):**  The information redacted under (b)(5) on page 896 contains attorney work product on an alert notice from a field OPLA attorney to HQ OPLA attorneys regarding a case in SND San Diego that involved GPS Trackers at the borders. The content of the message includes attorney work product information discussing, summarizing, and mentioning possible future plans or actions as a result of the cited case. | |

| | | | | |
|---|---|---|---|---|
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and would likely be shared with HSI clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation. | |
| 39 | 2019-ICLI-00060 898-900 | Partial | **Document Title: Email chain dated Oct 18, 2019, with Subject "FW: Latest GPS Tracker Guidance Request"** | (b)(5) |
| | | | **Redaction(s):** The information redacted under (b)(5) on pages 898-900 contains attorney client privileged information and attorney work product regarding a question from an ICE employee (client) to OPLA attorneys seeking guidance related to GPS Trackers. The content of the message included attorney work product and attorney-client privileged information discussing the question presented by the client. | |
| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and clients. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to guidance sought regarding GPS Trackers and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and clients. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. | |
| 40 | 2019-ICLI-00060 916-929 | Partial | **Document Title: Unsigned, undated, draft memo with Subject "Application of *United States v. Jones* to HSI Investigations Involving GPS Devices"** | (b)(5), (b)(7)(E) |
| | | | **Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 916-929 contains attorney client privileged information and attorney work product involving the application of a case to the use of GPS devices by the client, from a senior OPLA attorney to other OPLA field attorneys and to their client. The original production lists b6, b7c on page 916, it should be B5, B7E. The remaining pages were originally marked just B5, but they should also be B5, B7E. | |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys and their client. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys and their client. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The draft memorandum contain law enforcement sensitive information including techniques and procedures related to HSI investigations involving GPS devices. | |
| 41 | 2019-ICLI-00060 930-938 | Partial | **Document Title: Unsigned, undated, draft memo discussing the Application of *United States v. Jones* to HSI Investigations Involving GPS Devices**<br><br>**Redaction(s):** The information redacted under (b)(5), (b)(7)(E) on pages 930-938 contains attorney client privileged information and attorney work product involving the application of a case to the use of GPS devices by the client, between various OPLA attorneys. The top of each page states "PRIVILEGED ATTORNEY-CLIENT COMMUNICATION/DRAFT". Pages 931 and 935-937 contain comment bubbles on the right side of the page. Pages 931 and 935-937 contain track changes. With the exception of page 930, all pages have a watermark in the background that says "DRAFT". The original production lists b6, b7c on page 938, it should be B5, B7E. The remaining pages were originally marked just B5, but they should also be B5, B7E. | (b)(5), (b)(7)(E) |

| | | | **Reason(s):** FOIA Exemption (b)(5): The information being withheld contains attorney work product that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of litigation. The withheld information here relates to a recent case decision and contemplates future litigation.<br><br>FOIA Exemption (b)(5): The information being withheld contains attorney-client privileged information that was shared between OPLA attorneys. The purpose of this FOIA Exemption is to protect the confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.<br><br>FOIA Exemption (b)(5): The information being withheld contains pre-decisional, draft, and deliberative information. The information includes internal discussion and deliberation between agency employees, involving a draft guidance document which contains non-final agency decisions. Disclosure of this information would chill the free and frank exchange of ideas and recommendations, and hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. The withheld information contains non-final agency decisions, options being considered, and recommendations.<br><br>FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The draft memorandum contain law enforcement sensitive information including techniques and procedures related to DHS investigations involving GPS devices. | |
| 42 | 2019-ICLI-00060 939-941 | Partial | **Document Title: Chapter 11.3 from Homeland Security Investigations Technical Operations Handbook dated January 22, 2013**<br><br>**Redaction(s):** The information redacted under (b)(7)(E) on pages 939-942 contains law enforcement sensitive information from a HSI Technical Operations Handbook. The information relates to tracking devices/agency safety location devices. The bottom of each page says "FOR OFFICIAL USE ONLY" and "LAW ENFORCEMENT SENSITIVE". | (b)(7)(E) |

| | | | **Reason(s):** FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The Technical Operations Handbook provides a uniform source of national policies, procedures, responsibilities, guidelines, and controls to be followed by HSI Special Agents, Technical Enforcement Officers, Intelligence Research Specialists, and other HSI employees when conducting or supporting investigations involving the use of electronic surveillance equipment and software. | |
|---|---|---|---|---|
| 43 | 2019-ICLI-00060 942-944 | Partial | **Document Title: Chapter 11.3 from Homeland Security Investigations Technical Operations Handbook dated July 21, 2014** | (b)(7)(E) |
| | | | **Redaction(s):** The information redacted under (b)(7)(E) on pages 943-945 contains law enforcement sensitive information from a HSI Technical Operations Handbook. The information relates to tracking devices/agency safety location devices. The bottom of each page says "FOR OFFICIAL USE ONLY" and "LAW ENFORCEMENT SENSITIVE". | |
| | | | **Reason(s):** FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The Technical Operations Handbook provides a uniform source of national policies, procedures, responsibilities, guidelines, and controls to be followed by HSI Special Agents, Technical Enforcement Officers, Intelligence Research Specialists, and other HSI employees when conducting or supporting investigations involving the use of electronic surveillance equipment and software. | |
| 44 | 2019-ICLI-00060 945-953 | Partial | **Document Title: Chapter 11 from Homeland Security Investigations Technical Operations Handbook dated July 21, 2014** | (b)(7)(E) |

| | | | **Redaction(s):** The information redacted under (b)(7)(E) on pages 946-953 contains law enforcement sensitive information from a HSI Technical Operations Handbook. The information relates to tracking devices/agency safety location devices. The bottom of each page says "FOR OFFICIAL USE ONLY" and "LAW ENFORCEMENT SENSITIVE". | |
| | | | **Reason(s):** FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. The Technical Operations Handbook provides a uniform source of national policies, procedures, responsibilities, guidelines, and controls to be followed by HSI Special Agents, Technical Enforcement Officers, Intelligence Research Specialists, and other HSI employees when conducting or supporting investigations involving the use of electronic surveillance equipment and software. | |
| 45 | 2019-ICLI-00060 1-938 | Partial | **Global Withholding - On All Applicable Documents** | (b)(6), (b)(7)(C) |
| | | | **Redaction(s):** The information redacted under (b)(6), (b)(7)(C) on pages 1-938 contains personal identifiable information ("PII"), including names, phone numbers, addresses, and email addresses. | |

| | | | **Reason(s):** FOIA Exemptions (b)(6) & (b)(7)(C): The disclosure of the names, phone numbers, addresses and email addresses of agency employees could reasonably be expected to constitute an unwarranted invasion of personal privacy by conceivably subjecting the ICE employees to harassment and annoyance in conducting their official duties and in their private lives; could place them in danger as individuals targeted by law enforcement may begrudge agents for an indefinite time period and seek revenge; and disclosure could minimize the officers' effectiveness in conducting future investigations. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemptions (b)(6) & (b)(7)(C): The disclosure of the names, phone numbers, addresses and email addresses of third parties could reasonably be expected to constitute an unwarranted invasion of the personal privacy interests in: not being associated with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Further, disclosure of such information would not shed light on ICE operations and activities. There is no public interest to be served by releasing the identities or other personally identifiable information of third parties. Finally, third parties identified in the records have not consented to the disclosure of their PII. | |
| 46 | 2019-ICLI-00060 954 | Partial | **Document Title: HSI Investigative Programs Executive Summary Document** | (b)(7)(E) |
| | | | **Redaction(s):** The information redacted under (b)(7)(E) on page 954 contains law enforcement sensitive information from an HSI Investigative Programs Executive Summary. The information relates to an active and ongoing law enforcement operation, and contains law enforcement techniques and procedures related to the active and ongoing law enforcement operation. The bottom of the page says "LAW ENFORCEMENT SENSITIVE". | |
| | | | **Reason(s):** FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |