UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>            *Plaintiff,*<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>            *Defendant*. | Civil Action No. 19-2578 (TFH) |

# ICE

# Exhibit 10

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



July 5, 2020

Madeline Mulkern
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109

RE:   *Electronic Frontier Foundation v. DHS*; 19-cv-02578
       ICE FOIA Case Number 2019-ICLI-00060

Dear Ms. Mulkern:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated November 5, 2018. You have requested any and all records created or received by HSI or CBP between January 3, 2012 (the date of the Supreme Court's opinion in Jones) and the date of this request, concerning:

• Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border.
• Training manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the ICE Office of Principal Legal Advisor (OPLA) located records that were potentially responsive to your request. For this production ICE reviewed 576 pages of potentially responsive records. Of those 576 pages, ICE determined that only 361 pages were deemed responsive. These documents have been Bates numbered 2019-ICLI-00060 578 through 2019-ICLI-00060 938. ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) to portions of these pages as described below.

ICE has applied FOIA Exemption (b)(5) to withhold draft documents under the deliberative process privilege, the general purpose of which is to prevent injury to the quality of agency decisions, as well as the attorney-client privilege and the attorney work product privilege. Further, the deliberative process privilege protects the integrity of the deliberative or decision making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or

www.ice.gov

letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

**FOIA Exemption (b)(5)** exempts from disclosure inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.

**FOIA Exemption (b)(6)** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption (b)(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov.

Sincerely,

Catrina Pavlik-Keenan
FOIA Officer

Enclosure(s): 361 page(s)

Cc.
**Derek S. Hammond**
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530