UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER
FOUNDATION,

*Plaintiff,*

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

*Defendant.*

Civil Action No. 19-2578 (TFH)

# ICE

# Exhibit 11

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



September 30, 2020

Madeline Mulkern
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109

**RE:**   *Electronic Frontier Foundation v. DHS*; 19-cv-02578
**ICE FOIA Case Number 2019-ICLI-00060**

Dear Ms. Mulkern:

This letter is a supplemental response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated November 5, 2018. You have requested any and all records created or received by HSI or CBP between January 3, 2012 (the date of the Supreme Court's opinion in Jones) and the date of this request, concerning:

• Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border.
• Training manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

For this production ICE re-reviewed 953 pages of records. Portions of 117 pages were determined that additional information could be disclosed. The bates stamped page numbers for the first 102 pages that were reprocessed are: 2019-ICLI-00060 54, 56-109, 120, 170-171, 367-369, 416-420, 422-435, 540, 556-563, 569, 832, and 885-895. In addition, this supplemental production contains a reprocessing of the fifteen pages that were withheld in full at the administrative level. These fifteen pages were bates stamped 2019-ICLI-00060 939 - 2019-ICLI-00060 953. ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) to portions of these pages as described below.

ICE has applied FOIA Exemption (b)(5) to withhold draft documents under the deliberative process privilege, the general purpose of which is to prevent injury to the quality of agency decisions, as well as the attorney-client privilege and the attorney work product privilege. Further, the deliberative process privilege protects the integrity of the deliberative or decision

www.ice.gov

making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

**FOIA Exemption (b)(5)** exempts from disclosure inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.

**FOIA Exemption (b)(6)** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption (b)(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen at Kathleene.Molen@usdoj.gov.

    Sincerely,

    Fernando Pineiro
    Acting FOIA Officer

Enclosure(s): 117 page(s)

Cc.
**Kathleene Molen**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street NW
Civil Division
Washington, D.C. 20530