UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER
FOUNDATION,

        *Plaintiff,*

    v.                          Civil Action No. 19-2578 (TFH)

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

        *Defendant.*

# ICE

# Exhibit 12

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



October 26, 2020

Madeline Mulkern
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109

**RE:**   *Electronic Frontier Foundation v. DHS*; 19-cv-02578
         ICE FOIA Case Number 2019-ICLI-00060

Dear Ms. Mulkern:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated November 5, 2018.  You have requested any and all records created or received by HSI or CBP between January 3, 2012 (the date of the Supreme Court's opinion in Jones) and the date of this request, concerning:

• Policies and/or procedures regarding the use of GPS tracking devices on vehicles crossing the border.
• Training manuals and/or training materials on the use of GPS tracking devices on vehicles crossing the border.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the U.S. Customs and Border Protection (CBP) located records that were potentially responsive to your request. For this production ICE reviewed 4 pages of potentially responsive records.  Of those 4 pages, ICE determined that only 2 pages were responsive.  ICE also determined that the 2 remaining responsive pages were duplicates of each other.  Accordingly, ICE has processed for release 1 page of responsive records, and the document has been Bates numbered 2019-ICLI-00060 954.  ICE has applied FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(E) to portions of the page as described below.

**FOIA Exemption (b)(6)** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public

*www.ice.gov*

Case 1:19-cv-02578-TFH   Document 18-19   Filed 11/13/20   Page 3 of 3

Page **2** of **2**

interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption (b)(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen at Kathleene.Molen@usdoj.gov.

    Sincerely,

    Fernando Pineiro
    Acting FOIA Officer

Enclosure(s): 1 page(s)

Cc.
**Katy Molen**
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530